| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | CIVIL CONFERENCE<br>MINUTE ORDER |

BEFORE:   A. KATHLEEN TOMLINSON          DATE:   6-27-2016
          U.S. MAGISTRATE JUDGE          TIME:   10:41 a.m. (20 minutes)

*Drouillard v. Sprint Corporation*
**CV 16-624 (ADS) (AKT)**

TYPE OF CONFERENCE:          **INITIAL CONFERENCE**

APPEARANCES:     Plaintiff:     Justine M. Reilly

                 Defendants:    Steven D. Hurd

FTR:     10:41-11:01

SCHEDULING:

The Discovery Status Conference will be held on November 14, 2016 at 9:30 a.m.

THE FOLLOWING RULINGS WERE MADE:

1. Counsel for the parties in this FLSA/NYLL action met for a Rule 26(f) conference and I am adopting the discovery plan submitted by them with several modifications. The Case Management and Scheduling Order ("CMSO") is being entered separately. Initial Disclosures pursuant to Rule 26(a) have been served by the parties.

2. We spent some time discussing the prospect of mediation through the EDNY Court-annexed and newly constituted FLSA mediation panel. Counsel will discuss this option with their clients and will advise the Court in writing of their respective positions by July 12, 2016.

3. Defendant's counsel confirmed today that his client is not contesting the fact that the company meets the $500,000 minimum annual gross revenues threshold to come within the definition of an "employer" under the FLSA. Therefore, for the reasons stated in the record today, I am directing the parties to enter into a Stipulation to that effect and to file the Stipulation on ECF within two weeks.

4. Based upon the discussions with the attorneys during today's conference, it looks as if a Stipulation and Order of Confidentiality will be needed during the discovery phase of this case. Therefore, I am directing the parties to work on a proposed document that can be forwarded to me after execution by the parties to be reviewed and "so ordered." That Order will then become part of the Court record. The proposed stipulation is to be filed on ECF by August 15, 2016. Counsel are reminded that the Stipulation and Order of Confidentiality must include the Court as one of the parties who may review confidential materials and must also annex and agreement to be bound.

5. The parties are directed to meet and confer to define the parameters of the electronically stored information ("ESI") which may be relevant in this case. Counsel are further directed to reach an agreement on the method by which electronically stored information ("ESI") shall be

*produced* in this case. The Court expects that discussion to include issues such as the custodians who should be included, what search terms are to be utilized if necessary, etc. Under Rule 26, the requesting party has the right to demand the manner in which the production takes place.  For example, if the requesting party wishes to have the materials produced in the traditional manner in hardcopy, that is fine.  If the requesting party wants the material produced on a disc in some type of searchable software format (e.g., .tiff, .pst, .pdf, native format, etc.), that is fine as well.  However the parties are directed to reduce their agreement to a writing, with specific details as to the manner of production for all parties.  Counsel are to file their letter agreement, executed by all counsel, on ECF no later than August 15, 2016  advising me of what agreement/ procedure has been put in place, and the specific details of such agreement.

6. In light of the fact that this is an FLSA action and that plaintiff's counsel intends to file a motion for collective action certification, the deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is held in abeyance pending the further order of the Court.

7. As set forth in my Individual Rules, as well as the CMSO entered today, **three business days before the November 14, 2016 Discovery Status Conference, the parties are directed to file a Discovery Status Report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses, and providing the date on which the last deposition is tentatively scheduled to be taken.  Once these four items have been addressed in the report, the parties are to confirm whether discovery is proceeding on schedule. If the parties have complied with the deadlines in the CMSO up to that point and if there are no outstanding discovery disputes pending, then counsel may file a joint Discovery Status Report (whoever files the Report must be certain to individually and specifically address the four categories listed above).  If the parties are behind for any reason, or if there is an outstanding discovery dispute, then counsel will need to each file his/her own Discovery Status Report in order to include the reasons why the parties are behind and/or to provide the case citations supporting counsel's argument regarding the pending discovery dispute.  **NOTE**: Any status report that does not specifically and individually address the four categories noted above will be returned to the parties as non-compliant.

    **The remainder of the pre-trial discovery deadlines will be set in place at the November 14, 2016 Discovery Status Conference and will appear in the Final CMSO entered that day.  The parties must be prepared to advise the Court at that time of the status of depositions,  whether they intend to retain any experts, and the identity of such experts.  The discovery cut-off date is February 20, 2017.**

8. In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes.  If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing an appropriate letter motion

as expeditiously as possible.  <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so.  Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>.  Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (<u>*not*</u> merely an exchange of e-mails or letters).

If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court.  <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

9. As counsel were advised today, under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying CMSO must be approved in advance by the Court.  Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders.  Nor is any party free to ignore a deadline and not bring that information to the attention of the Court in a timely manner.  All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline.  The parties are directed to my Individual Practice Rules for further information.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge