UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------- X
SHAINA DROUILLARD, on behalf of herself and :
all others similarly situated,                     :        2:16-cv-00624 (ADS) (AKT)
                                                   :
                         Plaintiffs,               :        **DEFENDANT'S ANSWER &**
                                                   :        **AFFIRMATIVE DEFENSES**
          - against -                              :        **TO PLAINTIFF'S AMENDED**
                                                   :        **CLASS AND COLLECTIVE**
SPRINT/UNITED MANAGEMENT COMPANY,  :        **ACTION COMPLAINT**
                                                   :
                         Defendant.                :
------------------------------------- X

Defendant Sprint/United Management Company ("Sprint" or "Defendant"), by and through its attorneys, Proskauer Rose LLP, for its Answer and Affirmative Defenses to Plaintiff Shaina Drouillard's ("Plaintiff") Amended Class and Collective Action Complaint ("Complaint"), hereby states as follows:

## AS TO JURISDICTION AND VENUE

1.      Denies the allegations set forth in Paragraph 1 of the Complaint, except admits that Plaintiff purports to assert claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2, and that this action is purportedly brought as a collective action pursuant to 29 U.S.C. § 216(b) and as a state-law class action under Fed. R. Civ. P. 23(b)(3).

2.      Denies the allegations set forth in Paragraph 2 of the Complaint, except admits that Plaintiff asserts jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3.      Denies the allegations set forth in Paragraph 3 of the Complaint, except admits that Plaintiff asserts supplemental jurisdiction under 28 U.S.C. §1367(a).

4. Denies the allegations set forth in Paragraph 4 of the Complaint, except admits that venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## AS TO THE PARTIES

5. Denies the allegations set forth in Paragraph 5 of the Complaint, except admits that Plaintiff was employed by Defendant as a Lead Retail Consultant from September 8, 2012 to May 2, 2014.

6. Denies the allegations set forth in Paragraph 6 of the Complaint, except admits that Plaintiff has been employed by Defendant as an Assistant Store Manager from May 3, 2014 to the present.

7. Denies the allegations set forth in Paragraph 7 of the Complaint.

8. Denies the allegations set forth in Paragraph 8 of the Complaint, except admits that Defendant is authorized to conduct business in New York and affirmatively avers that Sprint/United Management Company is incorporated under the laws of the State of Kansas.

## AS TO THE FACTS

9. Admits the allegations set forth in Paragraph 9 of the Complaint.

10. Admits the allegations set forth in Paragraph 10 of the Complaint.

11. Denies the allegations set forth in Paragraph 11 of the Complaint.

12. Denies the allegations set forth in Paragraph 12 of the Complaint, except admits that Lead Retail Consultants and Assistant Store Managers who work for Sprint perform some similar job duties.

13. Denies the allegations set forth in Paragraph 13 of the Complaint.

14. Denies the allegations set forth in Paragraph 14 of the Complaint.

15. Admits the allegations set forth in Paragraph 15 of the Complaint.

16. Denies the allegations set forth in Paragraph 16 of the Complaint.

17. Denies the allegations set forth in Paragraph 17 of the Complaint, except admits that Plaintiff has generally been scheduled to work five days per week with varying days off.

18. Denies the allegations set forth in Paragraph 18 of the Complaint, except admits that as a Lead Retail Consultant, Plaintiff worked the 9:00 a.m. to 6:00 p.m. shift and the 11:00 a.m. to 8:00 p.m. shift on some occasions.

19. Denies the allegations set forth in Paragraph 19 of the Complaint, except admits that as an Assistant Store Manager, Plaintiff has been scheduled to work the 9:00 a.m. to 6:00 p.m. shift and the 12:00 p.m. to 9:00 p.m. shift on some occasions.

20. Admits the allegations set forth in Paragraph 20 of the Complaint.

21. Admits the allegations set forth in Paragraph 21 of the Complaint.

22. Denies the allegations set forth in Paragraph 22 of the Complaint, except admits that as a Lead Retail Consultant and Assistant Store Manager, Plaintiff has not been given remote access to Sprint's timekeeping system.

23. Denies the allegations set forth in Paragraph 23 of the Complaint, except admits that as a Lead Retail Consultant and Assistant Store Manager, Plaintiff has only been given access to Sprint's timekeeping system to punch in and out during times that she is physically present at a Sprint store location.

24. Admits the allegations set forth in Paragraph 24 of the Complaint.

25. Denies the allegations set forth in Paragraph 25 of the Complaint.

26. Denies the allegations set forth in Paragraph 26 of the Complaint.

27. Denies the allegations set forth in Paragraph 27 of the Complaint, except admits that Defendant issued Plaintiff a company email address during her employment.

28. Denies the allegations set forth in Paragraph 28 of the Complaint.

29. Denies the allegations set forth in Paragraph 29 of the Complaint.

30. Denies the allegations set forth in Paragraph 30 of the Complaint.

31. Denies the allegations set forth in Paragraph 31 of the Complaint.

32. Denies the allegations set forth in Paragraph 32 of the Complaint.

33. Denies the allegations set forth in Paragraph 33 of the Complaint.

34. Denies the allegations set forth in Paragraph 34 of the Complaint.

35. Denies the allegations set forth in Paragraph 35 of the Complaint.

36. Denies the allegations set forth in Paragraph 36 of the Complaint, except admits that Plaintiff was on a list of employees to respond to emergencies.

37. Denies the allegations set forth in Paragraph 37 of the Complaint.

38. Denies the allegations set forth in Paragraph 38 of the Complaint.

39. Denies the allegations set forth in Paragraph 39 of the Complaint.

40. Denies the allegations set forth in Paragraph 40 of the Complaint.

41. Denies the allegations set forth in Paragraph 41 of the Complaint.

42. Denies the allegations set forth in Paragraph 42 of the Complaint.

43. Denies the allegations set forth in Paragraph 43 of the Complaint.

44. Denies the allegations set forth in Paragraph 44 of the Complaint, except admits that Defendant employs Lead Retail Consultants and Assistant Store Managers that work in Sprint store locations in Kings County, Queens County, Nassau County and Suffolk County, New York.

45. Denies the allegations set forth in Paragraph 45 of the Complaint.

46. Denies the allegations set forth in Paragraph 46 of the Complaint, except admits that Lead Retail Consultants and Assistant Store Managers are issued a company email address during their employment.

47. Denies the allegations set forth in Paragraph 47 of the Complaint.

48. Denies the allegations set forth in Paragraph 48 of the Complaint.

49. Denies the allegations set forth in Paragraph 49 of the Complaint.

50. Denies the allegations set forth in Paragraph 50 of the Complaint.

51. Denies the allegations set forth in Paragraph 51 of the Complaint.

52. Denies the allegations set forth in Paragraph 52 of the Complaint.

53. Denies the allegations set forth in Paragraph 53 of the Complaint.

54. Denies the allegations set forth in Paragraph 54 of the Complaint.

55. Denies the allegations set forth in Paragraph 55 of the Complaint.

56. Denies the allegations set forth in Paragraph 56 of the Complaint, except admits that Lead Retail Consultants and Assistant Store Managers have not been given remote access to Sprint's timekeeping system.

57. Denies the allegations set forth in Paragraph 57 of the Complaint, except admits that Lead Retail Consultants and Assistant Store Managers have only been given access to Sprint's timekeeping system to punch in and out during times that they are physically present at Sprint's store locations.

58. Denies the allegations set forth in Paragraph 58 of the Complaint.

59. Denies the allegations set forth in Paragraph 59 of the Complaint.

60. Denies the allegations set forth in Paragraph 60 of the Complaint.

**AS TO THE GENERAL ALLEGATIONS**

61. Denies the allegations set forth in Paragraph 61 of the Complaint, except admits that Plaintiff purportedly brings this action as a collective action under the FLSA.

62. Denies the allegations set forth in Paragraph 62 of the Complaint.

63. Denies the allegations set forth in Paragraph 63 of the Complaint.

## AS TO THE COLLECTIVE ACTION ALLEGATIONS

64. Denies the allegations set forth in Paragraph 64 of the Complaint, except admits that Plaintiff purports to proceed as a collective action pursuant to 29 U.S.C. § 216(b).

65. Denies the allegations set forth in Paragraph 65 of the Complaint.

66. Denies the allegations set forth in Paragraph 66 of the Complaint.

67. Denies the allegations set forth in Paragraph 67 of the Complaint.

68. Denies the allegations set forth in Paragraph 68 of the Complaint.

## AS TO COUNT I

## FLSA Overtime Claim

69. Repeats and re-alleges its answers and responses to Paragraphs 1 through 68 of the Complaint as if set forth in full herein in response to Paragraph 69 of the Complaint.

70. Paragraph 70 of the Complaint contains a purported statement of law to which no response is required.

71. Paragraph 71 of the Complaint contains a statement of law to which no response is required.

72. Admits the allegations set forth in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains a statement of law to which no response is required.

74. Paragraph 74 of the Complaint contains a statement of law to which no response is required.

75. Denies the allegations set forth in Paragraph 75 of the Complaint.

76. Paragraph 76 of the Complaint contains a purported statement of law to which no response is required.

77. Denies the allegations set forth in Paragraph 77 of the Complaint.

78. Denies the allegations set forth in Paragraph 78 of the Complaint.

79. Denies the allegations set forth in Paragraph 79 of the Complaint.

80. Denies the allegations set forth in Paragraph 80 of the Complaint.

## AS TO THE STATE-WIDE CLASS ALLEGATIONS

81. Denies the allegations set forth in Paragraph 81 of the Complaint, except admits that Plaintiff purportedly brings this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of herself individually and all other similarly situated employees who, during the relevant statute of limitations period, have worked as Lead Retail Consultants and Assistant Store Managers with respect to the claims pleaded in Count II and Count III of the Complaint.

82. Paragraph 82 ((a) through (e) inclusive) of the Complaint contains a purported statement of law to which no response is required.

### As to the Class Definitions

83. Denies the allegations set forth in Paragraph 83 of the Complaint, except admits that Plaintiff purports to seek certification of the alleged class.

### As to Numerosity

84. Denies the allegations set forth in Paragraph 84 of the Complaint.

85. Denies the allegations set forth in Paragraph 85 of the Complaint.

### As to the Common Questions of Fact or Law

86. Denies the allegations set forth in Paragraph 86 ((a) through (c) inclusive) of the Complaint.

87. Denies the allegations set forth in Paragraph 87 of the Complaint.

### As to Typicality

88. Denies the allegations set forth in Paragraph 88 of the Complaint.

### As to Adequacy

89. Denies the allegations set forth in Paragraph 89 of the Complaint, except denies knowledge or information sufficient to form a belief as to Plaintiff's counsel's competency and experience.

### As to Superiority

90. Denies the allegations set forth in Paragraph 90 of the Complaint.

91. Denies the allegations set forth in Paragraph 91 of the Complaint.

92. Denies the allegations set forth in Paragraph 92 of the Complaint.

### AS TO COUNT II

### NYLL Overtime Claim

93. Repeats and re-alleges its answers and responses to Paragraphs 1 through 92 of the Complaint as if set forth in full herein in response to Paragraph 93 of the Complaint.

94. Paragraph 94 of the Complaint contains a purported statement of law to which no response is required.

95. Paragraph 95 of the Complaint contains a statement of law to which no response is required.

96. Denies the allegations set forth in Paragraph 96 of the Complaint.

97. Paragraph 97 of the Complaint contains a statement of law to which no response is required.

98. Denies the allegations set forth in Paragraph 98 of the Complaint.

99. Denies the allegations set forth in Paragraph 99 of the Complaint.

100. Denies the allegations set forth in Paragraph 100 of the Complaint.

101. Denies the allegations set forth in Paragraph 101 of the Complaint.

## AS TO COUNT III

## NYLL SECTIONS 191 AND 198 VIOLATION

102. Denies the allegations set forth in Paragraph 102 of the Complaint.

103. Denies the allegations set forth in Paragraph 103 of the Complaint.

104. Denies the allegations set forth in Paragraph 104 of the Complaint.

105. Denies the allegations set forth in Paragraph 105 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

106. Denies that Plaintiff is entitled to the relief set forth in the WHEREFORE clause (A-I inclusive) following Paragraph 105 of the Complaint, or to any relief whatsoever.

## GENERAL DENIAL

Defendant denies each and every allegation in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

As separate Affirmative Defenses to the Complaint and without conceding that Defendant bears the burden of proof or persuasion as to any of them, Defendant alleges as follows:

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9

The Complaint fails to state a claim upon which relief may be granted or for which the damages sought may be awarded.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Defendant is not a proper party to this action.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff and/or members of the putative collection action and class action are exempt from overtime compensation under the 29 U.S.C. §213(a)(1) exemption to the Fair Labor Standards Act and the exemption to the New York Labor Law.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Subject to proof through discovery, some or all of the Plaintiff's and/or the putative collective action and/or class members' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

The types of claims alleged by Plaintiff, the existence of which are expressly denied, are not appropriate for collective treatment pursuant to Section 216(b) of the FLSA or class action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Defendant has fulfilled any and all obligations it may have had to Plaintiff, and owes no further obligation to Plaintiff and, therefore, Plaintiff is barred from maintaining this action against Defendant.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Defendant did not willfully and with intent to deprive Plaintiff of any compensation owed under the provision under the Fair Labor Standards Act or New York Wage and Hour Law.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

If Defendant is found to have failed to pay Plaintiff, and/or any putative member of the purported FLSA collective action and state-law class action defined in the Complaint, any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with the FLSA, the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2. Further, the actions taken or omitted by Defendant were in good faith in conformity with administrative regulations and/or guidance and/or interpretations issued by the U.S. Department of Labor pursuant to 29 U.S.C. § 259.

Consequently, Defendant has not acted in reckless disregard of the FLSA, the New York Labor Articles 6 and 19, or the New York Codes, Rules, and Regulations 142-2.2, and, accordingly, has not engaged in any willful violation of these wage and hour laws. By reason of the foregoing, Plaintiff and/or any putative member of the purported FLSA collective action and state-law class action are not entitled to liquidated damages. Moreover, only a two-year statute of limitations should apply under the FLSA.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Defendant denies that it acted unlawfully or improperly toward Plaintiff and the putative members of the purported FLSA collective action and the state-law class action defined in the Complaint. However, with regard to any potential award to Plaintiff and/or the putative members of the purported FLSA collective action and/or the state-law class action for alleged unpaid wages, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all overpayments to Plaintiff and/or putative members of the purported FLSA collective action and/or the state-law class action, and/or all obligations of Plaintiff or putative members of

the purported FLSA collective action and/or the state-law class action owed to Defendant, against any judgment that may be entered against Defendant.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's monetary claims, and the claims of the putative collective and/or class, are barred in whole or in part because they have not suffered any injury or damage as a result of any actions allegedly taken by Defendant.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and those of the putative members of the putative collective and/or class, the existence of which is expressly denied, are barred by the doctrine of laches, unclean hands, waiver and/or estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

The claims of Plaintiff and of each putative class member she purports to represent are barred in whole or in part by the doctrines of accord and satisfaction and payment.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff, or any member(s) of the putative collection and/or class, has suffered injury, which Defendant expressly denies, subject to proof through discovery, any such injury is the result of acts or omissions of such Plaintiff or member of the putative collective or class, and not any act or omission of Defendant.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit/set-off for any compensation paid to Plaintiff or any member(s) of the putative collection and/or class to which they were not otherwise entitled to the extent such credits/set-offs are permissible under the Fair Labor Standards Act and the New York Wage and Hour Law.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's demand for liquidated damages renders this action inappropriate for treatment as a class action, and award of such damages on an aggregate basis would deny Defendant due process.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer and to assert additional defenses and/or to supplement, alter, or change its Answer and Affirmative Defenses upon completion of appropriate investigation and discovery.

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment dismissing the Complaint in its entirety and with prejudice; denying each and every prayer for relief contained in the Complaint; awarding to Defendant its reasonable attorneys' fees and legal expenses; awarding to Defendant its costs and disbursements incurred in defense of this action; and granting to Defendant such other relief as the Court may deem just and proper.

Dated: New York, New York
October 24, 2016

PROSKAUER ROSE LLP

*/s/ Steven D. Hurd*
Steven D. Hurd
Harris M. Mufson
Eleven Times Square
New York, New York 10036
Tel: 212.969.3000
Fax: 212.969.2900
shurd@proskauer.com
hmufson@proskauer.com
*Attorneys for Defendant*