UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

SHAINA DROUILLARD, Individually, and on behalf           16-CV-00624 (ADS)(AKT)
of all others similarly situated,

                              Plaintiffs,


             -against-


SPRINT/UNITED MANAGEMENT COMPANY,

                              Defendant.
-------------------------------------------------------------------X


**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER
MOTION TO PROCEED AS A COLLECTIVE ACTION AND TO FACILITATE
NOTICE UNDER 29 U.S.C. SECTION 216(b)**


                                        Respectfully submitted,


                                        _____
                                        Justin M. Reilly, Esq.
                                        Neil H. Greenberg & Associates, P.C.
                                        *Attorneys for Plaintiff and Opt-in Plaintiffs*
                                        4242 Merrick Road
                                        Massapequa, New York 11758
                                        Tel: 516.228.5100
                                        Fax: 516.228.5106
                                        justin@nhglaw.com


Dated: Massapequa, New York
       December 30, 2016

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................i

I.  THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR
    CONDITIONAL   CERTIFICATION AS SHE MEETS HER INITIAL,
    MINIMAL BURDEN.................................................................................. 1

II. THE COURT SHOULD DISREGARD DEFENDANT'S CONFLICTING
    EVIDENCE AND DE MINIMIS DEFENSE ARGUMENT ..................................... 4

III. THE COURT SHOULD APPROVE PLAINTIFF'S PROPOSED NOTICE
     AND ORDER ITS POSTING AND MAILING TO HER PROPOSED
     COLLECTIVE............................................................................................ 8

## TABLE OF AUTHORITIES

**Cases**

*Desilva v. N. Shore–Long Island Jewish Health Sys., Inc.*, 27 F. Supp. 3d 313
(E.D.N.Y. 2014).........................................................................................................................3, 4

*Guzman v. VLM, Inc.*, No. 07 Civ. 1126, 2007 WL 2994278 (E.D.N.Y. Oct. 11, 2007)...........10

*Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249 (S.D.N.Y. 1997).......................................................2

*Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439 (S.D.N.Y. 2013). .......................7, 8

*Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54 (E.D.N.Y. 2011).............................................9, 10

*Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114 (E.D.N.Y. 2011)...............................9

*Rosario v. Valentine Ave. Discount Store, Co.*, 828 F. Supp. 2d 508 (E.D.N.Y. 2011)...............2

*Sexton v. Franklin First Fin., Ltd.*, No. 08 Civ. 04950, 2009 WL 1706535
(E.D.N.Y. June 16, 2009) .............................................................................................................10

*Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443 (E.D.N.Y. 2014) ................................2, 6, 8, 9, 10

*Valerio v. RNC Indus., LLC*, 314 F.R.D. 61 (E.D.N.Y. 2016) ..................................5, 6, 7, 8, 10

**Statutes**

Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq* ....................................................................1

29 U.S.C. § 216(b) ........................................................................................................................1

New York Labor Law ("N.Y. Lab. Law")......................................................................................1

N.Y. Lab. Law § 198(3)..................................................................................................................9

I.   **THE COURT SHOULD GRANT PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AS SHE MEETS HER INITIAL, MINIMAL BURDEN.**

At this preliminary stage, Plaintiff clearly meets her minimal burden and makes a modest factual showing that she is similarly situated to opt-in plaintiffs, and potential opt-in plaintiffs, who were together victims of Defendant's common practice of requiring Lead Retail Consultants ("LRCs") and Assistant Store Managers ("ASMs") to perform work off-the-clock and then refusing to pay them overtime compensation or regular wages for all such hours worked in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*. and New York Labor Law ("NYLL").[1] Despite its best efforts, Defendant Sprint/United Management Company ("Defendant" or "Sprint") fails to demonstrate otherwise.[2] Defendant contends that Plaintiff did not establish a common policy or practice by Sprint that violated the FLSA, and, therefore, she has not met her burden to justify conditional certification. In support of its contention, Defendant mischaracterizes Plaintiff's factual allegations, attempts to hide behind Sprint's corporate written policies and time verification procedures while accusing Plaintiffs of ignoring such policies, and largely ignores applicable case law pertaining to this preliminary stage of conditional certification. For example, Defendant contends that Plaintiff is required to submit "actual evidence of a factual nexus between [her] situation and those that [she] claims are similarly situated" and that Defendant violated the FLSA.[3] However, at this first stage in the conditional certification process, Plaintiff need only make a modest factual showing sufficient to

---

[1] *See generally* Plaintiff's Memorandum of Law in Support of Her Motion to Proceed as a Collective Action and to Facilitate Notice Under 29 U.S.C. § 216(b) dated November 16, 2016 ("Pl.'s Mem."); Declaration of Plaintiff Shaina Drouillard ("Drouillard Decl."), annexed as Exhibit ("Ex.") C to the Declaration of Justin M. Reilly dated November 16, 2016 ("Reilly Decl."); Declaration of Moya Reid ("Reid Decl."), annexed as Ex. D to Reilly Decl.; Declaration of Yennifer Cartagena ("Cartagena Decl."), annexed as Ex. E to Reilly Decl.; Declaration of Takorie Lewis ("Lewis Decl."), annexed as Ex. F to Reilly Decl.; Declaration of Rembrandt Pena ("Pena Decl."), annexed as Ex. G to Reilly Decl.; Declaration of Mildred Del Rosario ("Del Rosario Decl."), annexed as Ex. H to Reilly Decl.; Declaration of Jessy Marcelin ("Marcelin Decl."), annexed as Ex. I to Reilly Decl.

[2] *See generally* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Proceed as a Collective Action and to Facilitate Notice Under 29 U.S.C. § 216(b) dated December 16, 2016 ("Def's. Opp'n").

[3] *See* Def.'s Opp'n at 8.

1

demonstrate that she and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law. *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997). Proof of an actual FLSA violation is not required. *Sharma v. Burberry Ltd.*, 52 F. Supp. 3d 443, 452 (E.D.N.Y. 2014). It is only during the second stage, after completion of discovery, that a court makes factual findings whether potential opt-in plaintiffs are actually similarly situated. *Rosario v. Valentine Ave. Discount Store, Co.*, 828 F. Supp. 2d 508, 514 (E.D.N.Y. 2011).

Here, Plaintiff more than satisfies the "modest factual showing" required in the first step of the conditional certification analysis. Plaintiff not only proffers the specific factual allegations in the Amended Complaint, but also provides a declaration and the declarations of six opt-in plaintiffs, which clearly establish a sufficient factual nexus between their situations and that of other potential opt-in plaintiffs who together were victims of a common practice of Defendant that violated the FLSA such that the granting of her motion is justified.[4] Plaintiff's submissions sufficiently describe the manner in which Defendant, and its Management, knowingly deviated from Sprint's written timekeeping and payroll policies and, as a matter of common practice, required LRCs and ASMs to perform off-the-clock work without paying them regular wages or overtime compensation for such hours worked. Plaintiff's submissions sufficiently establish that she is similarly situated not only to opt-in plaintiffs, but to other potential opt-in plaintiffs (LRCs and ASMs employed by Defendant at Sprint stores located in the Counties of New York, Kings, Queens, Nassau, and Suffolk in New York).[5] Yet, Defendant argues that Plaintiff fails to meet her burden by alleging Plaintiffs' allegations do not establish that Sprint's lawful, written

---

[4] *See* Pl.'s Mem. at 2–13; *see generally* Amended Complaint ("Am. Compl."), annexed as Ex. A to Reilly Decl.; Drouillard Decl.; Reid Decl.; Cartagena Decl.; Lewis Decl.; Pena Decl.; Del Rosario Decl.; Marcelin Decl.

[5] Plaintiffs attest that during their employment with Defendant, they: (1) were employed as a LRC and/or ASM; (2) were assigned the same primary job responsibilities; (3) were paid at an hourly rate, plus commissions; (4) were regularly required to perform "off-the-clock" work outside of their scheduled shifts in Sprint store locations; (5) regularly worked more than forty hours each week for Defendant; and (6) were not paid regular wages or overtime compensation for those "off-the-clock" hours worked beyond forty hours in violation of the FLSA and the NYLL. *See* Pl.'s Mem. at 2-13 (summarizing relevant information from Plaintiffs' declarations).

2

policies were applied in an unlawful manner.[6] Defendant further argues that Plaintiff fails to show she is similarly situated to opt-in plaintiffs by alleging that they made individualized decisions to work off-the-clock, were supervised by different store managers, and performed different types of off-the-clock work. Defendant then misconstrues Plaintiff's minimal burden and cites to essentially inapplicable case law in an attempt to create individualized issues to defeat conditional certification.[7] For instance, Defendant heavily relies upon *Desilva v. N. Shore–Long Island Jewish Health Sys., Inc.*, 27 F. Supp. 3d 313 (E.D.N.Y.2014), which is readily distinguishable, both procedurally and factually, from the instant case. In *Desilva*, as cited to by Defendant, the court considered motions for collective decertification and class certification, not conditional certification. In fact, in *Desilva*, the plaintiffs initially sought, and the court conditionally certified, a collective action for hourly employees whose scheduled hours at hospitals included deductions for unpaid meal breaks and who had to report performing such work in order to be paid. *Id.* at 322. In any event, here, Plaintiffs' claims do not deal with automatic meal break deductions or off-the-clock work that is otherwise completed solely at work locations. *Desilva* is also facially distinguishable for the broad reason that it involved weaker allegations in support of certification than those presented here. In *Desilva*, the evidence demonstrated "an extremely wide range of compensation practices across facilities in the context of varied employment settings" with each facility having the discretion to establish their own tailored practices on meal breaks, overtime authorization, and timekeeping. *Id.* at 323. Here, Defendant concedes that all of its employees are subject to the same written corporate policies and procedures concerning off-the-clock work and timekeeping. Further, in *Desilva*, the court noted that opt-in plaintiffs held 235 different positions and worked in 395 departments in 39

---

[6] Def.'s Opp'n at 10-11.

[7] *See* Def.'s Opp'n at 9–15.

3

business units at 59 locations within the LIJ Health System. *Id.* Such a wide range of diversity is clearly not present in the instant case, which deals with two job positions and a limited number of retail stores within certain Counties that lacked such departments and units. Also, Plaintiffs here had similar job duties and were subjected to the same common unlawful practice. Thus, Defendant's attempts to analogize the factual scenario in *Desilva* with this case fail as the underlying facts and procedural posture are entirely different.

Defendant also claims that because LRCs and ASMs purportedly verified their time records, the court must engage in an individualized determination of whether each employee can establish that they performed work off-the-clock, informed their managers, and have viable explanations for "falsifying" their time records. However, even in the second certification stage, "[c]ourts have found opt-in plaintiffs similarly situated in large off-the-clock cases despite the individualized issues such cases present ... [e]ven where individualized testimony into damages is required." *McGlone v. Contr. Callers, Inc.*, 49 F. Supp. 3d 364, 367–68 (S.D.N.Y. 2014) (internal quotations and citation omitted). In any event, here, at this stage, the Court need only be satisfied that Plaintiff's evidence provides some support, however marginal, to make a modest factual showing that she and potential opt-in plaintiffs together were subject to an unlawful common practice of Defendant. As established in her moving papers, Plaintiff has done just that.

## II.   THE COURT SHOULD DISREGARD DEFENDANT'S CONFLICTING EVIDENCE AND DE MINIMIS DEFENSE ARGUMENT.

In opposing Plaintiff's Motion, Defendant heavily relies upon excerpts from Plaintiff's deposition transcript, various documents that purportedly reflect Sprint's written timekeeping and payroll policies, and the declarations of six current Sprint employees.[8] Defendant claims that

---

[8] *See* Def.'s Opp'n at 3–8, 10, 11–12, 14, 16, 18, 19 (citing to its proffered evidence in support of its factual and legal arguments); *see generally* Exs. A–H attached to the November 16, 2016 Declaration of Harris M. Mufson ("Mufson Decl."); Declaration of Joanna Cruz ("Cruz Decl."); Declaration of Evann Devaux ("Devaux Decl.");

4

its selectively chosen, limited evidence refutes the factual allegations and evidence Plaintiff submits in support of her Motion. Importantly, at this preliminary certification stage, the focus of the court's inquiry is not on the defendants' evidence, but on whether the plaintiff has made the requisite showing. *Valerio v. RNC Indus., LLC*, 314 F.R.D. 61, 69 (E.D.N.Y. 2016) (internal quotations and citations omitted). While Defendant's declarations do not displace the modest factual showing that Plaintiff makes, to wit, that Plaintiffs and potential collective members (LRCs and ASMs employed at Sprint stores located in a specific Counties in New York) were subject to a common practice that violated the FLSA (and NYLL), Plaintiff respectfully submits that this Court should entirely disregard the declarations of these current Sprint employees who Plaintiff has not yet had the chance to depose. In essence, Defendant requests that the Court credit the competing declaration of Plaintiff's District Manager, Kenneth McQuiller ("McQuiller"), to whom she repeatedly complained about unpaid "off-the-clock" work, and the declarations of two ASMs and two LRCs currently employed by Defendant.[9] The ASMs and LRCs provide nearly identical declarations and conveniently assert that they were never asked to work "off the clock" by Sprint management or required to respond to communications outside of regular working hours.[10] They also assert that they were able to review their time records before verifying them and notify their managers who adjusted their time. Importantly, district courts in the Second Circuit routinely decline to consider such opposing declarations, whose authors have not been deposed, as "they do not bear on whether Plaintiffs have made the 'modest factual

---

Declaration of Taylor Hernandez ("Hernandez Decl."); Declaration of Shemariah Etienne ("Etienne Decl."); Declaration of Sean Ishum ("Ishum Decl."); Declaration of Kenneth McQuiller ("McQuiller Decl.").

[9] *See* Def.'s Opp'n at 14, 16; *see generally* McQuiller Decl.; Cruz Decl.; Devaux Decl.; Hernandez Decl.; Etienne Decl. Defendant also submits the declaration of a Sprint Financial Systems Analyst in support of a frivolous argument that the fact that Plaintiffs were paid overtime compensation belies Plaintiff's claim that Sprint required her and similarly situated employees to perform "off-the-clock" work to avoid paying overtime. Def.'s Opp'n at 7–8; *see generally* Ishum Decl. Defendant again mischaracterizes Plaintiff's allegations as to Defendant's common practice. In any event, the Ishum Declaration should also be disregarded for the reasons set forth herein.

[10] *See* Def.'s Opp'n at 14, 16; Cruz Decl.; Devaux Decl.; Hernandez Decl.; Etienne Decl.

showing' that they are required to make at this stage of the litigation." *Sharma*, 52 F. Supp. 3d at 456–57 (collecting cases). Further, at this stage, this Court should also disregard the excerpts from Plaintiff's deposition transcript that were carefully selected and submitted by Defendant.[11] Defendant largely mischaracterizes Plaintiff's testimony contained in these excerpts to attack her credibility and invent individualized issues where none exist in an attempt to defeat conditional certification.[12] Notably, Plaintiff is the only one who has been deposed, Defendant's witnesses will not be deposed until January and February, well after the instant motion has been fully briefed and filed with the Court. Defendant should not be allowed to request Plaintiff's Motion be held to a higher evidentiary standard, while denying them the opportunity to conduct discovery and obtain such evidence. In *Valerio v. RNC Indus., LLC*, the defendants similarly submitted only excerpts from the deposition testimony of the plaintiff (and opt-in plaintiffs) in opposing a conditional certification motion. *See Valerio*, 314 F.R.D. at 67–68. This Court found that it was not appropriate at the preliminary certification stage for it to make factual findings whether any of the testimony contained in the excerpts submitted by the defendant rebutted the plaintiff's assertions that he was similarly situated to opt-in plaintiffs or that they were in fact subject to a common scheme which deprived plaintiff and those similarly situated of overtime compensation. *Id.* This Court ultimately concluded that it would not, at this stage, make its determination based on such excerpted deposition testimony, upon which the defendants relied in support of their argument that no factual nexus existed, because, to do so, would require the Court to engage in a merits inquiry which is inappropriate at the preliminary certification stage.

---

[11] *See generally* Mufson Decl. at Ex. A. A complete review of the entire transcript of Plaintiff's deposition, held on November 29, 2016 after Plaintiff served her Motion, would further support her allegations concerning the Defendant's unlawful common practice of permitting Sprint's Management to intentionally push its LRCs and ASMs to work off-the-clock while failing to pay them any compensation for such hours worked.

[12] *See* Def.'s Opp'n at 6–7, 10–12, 18–19.

6

*Id.* at 69.[13] At this stage, to balance the parties' competing declarations and consider the excerpts of Plaintiff's testimony selectively chosen by Defendant would similarly require the Court to determine the facts, determine credibility of the affiants, and resolve legal contentions, all of which the conditional certification and potential later decertification process is structured so as to avoid.[14] It is well settled that a court may not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations at the preliminary certification stage. *Jeong Woo Kim v. 511 E. 5th St., LLC*, 985 F. Supp. 2d 439, 446 (S.D.N.Y. 2013). If it appears upon the close of discovery that any Opt-In Plaintiffs are not in fact similarly situated, then, at that juncture, Defendant will have the opportunity to move for de-certification. *See Valerio*, 314 F.R.D. at 69. Accordingly, Plaintiff respectfully requests that this Court entirely disregard Defendant's conflicting evidence.

Defendant next contends that its *de minimis* defense renders conditional certification inappropriate. First, the cases on which Defendant relies in support of this contention are either inapplicable or not controlling. Second, the evidence Defendant heavily relies upon in support of its *de minimis* defense argument, namely the carefully selected portions of Plaintiff's deposition testimony and declarations of current Sprint employees that conflict with Plaintiff's evidence, should not be considered by the Court for the reasons addressed above. Third, Plaintiff has set forth substantial allegations and declarations, which demonstrate that this defense is not applicable to Plaintiffs or potential collective members. Where, as here, a plaintiff's allegations

---

[13] *See also Perkins v. S. New England Tel. Co.*, 669 F. Supp. 2d 212, 219 (D. Conn. 2009) (noting that, in highlighting specific sections of deposition testimony, the defendant appeared to be couching arguments about the merits of the case and further noting that at the certification stage, a court need not judge the merits of the plaintiffs' claims because they are irrelevant to the collective action inquiry, as long as plaintiffs assert a plausible basis for their claim.); *Garcia v. Four Bros. Pizza*, No. 13 CV 1505, 2014 WL 2211958, at *6 (S.D.N.Y. May 23, 2014) (refusing to consider deposition testimony that would undermine plaintiff's FLSA claims at this initial stage).

[14] *See Stevens v. HMSHost Corp.*, No. 10 Civ. 3571, 2012 WL 4801784, at *3 (E.D.N.Y. Oct. 10, 2012) (recognizing that defendant's submission of such declarations "cannot be used to undermine a plaintiff's initial showing because doing so would require a court to weigh evidence and determine credibility, which is not appropriate until the second stage after discovery"); *see also* Pl.'s Mem. at 15–16.

are sufficient on their face to support conditional certification, a defendant may not defeat the plaintiff's motion by presenting conflicting factual assertions. *Jeong Woo Kim*, 985 F. Supp. 2d at 446. Finally, whether Plaintiff will eventually succeed on the merits of her FLSA claim is immaterial at this preliminary certification stage. The Court's limited role at this stage is simply to determine whether Plaintiff sufficiently alleged that she and other employees were victims of a common policy that violated the FLSA. *Id*. Thus, if Defendant wishes to pursue its *de minimis* defense, it must do so at a later stage as to raise this defense now is premature. *Id.* at 447.

## III.  THE COURT SHOULD APPROVE PLAINTIFF'S PROPOSED NOTICE AND ORDER ITS POSTING AND MAILING TO HER PROPOSED COLLECTIVE.

Defendant argues that this Court should narrow Plaintiff's proposed collective definition by eliminating LRCs and ASMs who worked in New York County and including only those LRCs and ASMs who worked at Sprint stores within McQuiller's District. First, at the very least, the collective should include LRCs and ASMs employed at the two Sprint stores in New York County where Opt-in Plaintiff Mildred Del Rosario worked as she sufficiently attested that she is similarly situated and subject to the same, unlawful common practice. *See* Del Rosario Decl. The largely out-of-circuit case law relied upon by Defendant in support of its assertion that employees in Sprint stores located in New York County should not be included in the collective is not controlling. In *Sharma*, this Court commented that "[c]ourts in this Circuit have commonly authorized the sending of collective action notices where plaintiff *includes some probative information* regarding similarly situated employees..." *Id*. at 459 (internal quotations and citation omitted) (alteration in original) (emphasis added). *See also Valerio*, 314 F.R.D. at 71 (noting that if the plaintiff later came forward with information from other employees who worked at a non-Long Island location, such information could potentially give rise to a broadening of the class definition). Second, Defendant's argument that the collective should be limited to only those

8

LRCs and ASMs employed at Sprint stores within McQuiller's District is largely based upon its mischaracterization of excerpts taken from Plaintiff's deposition testimony and, as such, should not be entertained for this reason alone. In any event, Plaintiff's submissions sufficiently support her proposed collective definition and the geographic scope it encompasses.

Finally, contrary to Defendant's contentions, Plaintiff's proposed Notice sufficiently comports to the standard notices authorized by courts in the Eastern District of New York.[15] First, Defendant's request that the notice period should be limited to three years as to not be sent to employees whose potential FLSA claims have long since been extinguished should be denied. Unlike a FLSA claim that has either a two or three-year statutory limitations period, NYLL claims are subject to a six-year statute of limitations. NYLL § 198(3). Here, the Amended Complaint (as did the Complaint) clearly asserts claims under both the FLSA and NYLL.[16] Courts in this District, including this Court, have repeatedly held that where, as here, a case involves both FLSA and NYLL claims, it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time even though some individuals may only have timely NYLL claims. *See Sharma*, 52 F. Supp. 3d at 461–62; *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 132 (E.D.N.Y. 2011); *Moore v. Eagle Sanitation, Inc.*, 276 F.R.D. 54, 59 (E.D.N.Y. 2011). As such, this Court should find that a six-year period is appropriate dating back from the filing of the Complaint. Second, the notice date should not be calculated as of the date of this Court's order determining the instant motion as Defendant contends. As supported by the case law cited in her moving papers, Plaintiff submits that the date should be calculated from

---

[15] *See* Pl.'s Mem. 19–21; *see generally* Reilly Decl., Ex. J. Plaintiff maintains that this Court should authorize and order issuance of the proposed Notice by first class mail to all similarly situated persons employed by Defendant as LRCs and ASMs dating back six years from the filing of the Complaint and order its posting at Defendant's Sprint stores located in the Counties of New York, Kings, Queens, Nassau, and Suffolk, New York.
[16] *See generally* Am. Compl.; [D.E. 1].

9

six years prior to the date of the filing of the Complaint.[17] As recognized by this Court, while some courts may calculate the date from the date of the conditional certification order, "[b]ecause equitable tolling issues often arise for prospective plaintiffs, however, other courts in this Circuit have calculated the three-year period from the date of the complaint." *Sharma*, 52 F. Supp. 3d at 464–65 (finding, "[i]n an abundance of caution," that the latter approach is more appropriate and noting that any challenges to the timeliness of individual plaintiffs' actions will be entertained at a later date).[18] As it did in *Sharma*, this Court should certify the proposed collective for a period of six years prior to the date of the filing of the Complaint. Third, Defendant's request to limit the 60-day opt-in period requested by Plaintiff to 45 days should be denied. As recognized by this Court, a 60-day notice period for potential plaintiffs is common practice under the FLSA. *See id.* at 465; *Moore*, 276 F.R.D. at 61 (finding that a 60-day notice period for potential plaintiffs to return their opt-in forms is appropriate and common practice under the FLSA). Lastly, this Court should also reject Defendant's request to include language warning potential opt-ins they may be required to pay court costs should it prevail. This is an obvious attempt to discourage potential opt-ins from joining this lawsuit. District courts in this Circuit have found such language referencing the possibility of costs to be inappropriate and generally disapprove of including it in notices. *See Sexton v. Franklin First Fin., Ltd.*, No. 08 Civ. 04950, 2009 WL 1706535, at *12 (E.D.N.Y. June 16, 2009) (finding such language that opt-ins may be responsible for costs "unnecessary and potentially confusing"); *Guzman v. VLM, Inc.*, No. 07 Civ. 1126, 2007 WL 2994278, at *8 (E.D.N.Y. Oct. 11, 2007) (finding such language "inappropriate" and noting it "may have an in terrorem effect that is disproportionate to the actual likelihood that costs or counterclaim damages will occur in any significant degree").

---

[17] *See* Pl.'s Mem. at 21–24.

[18] *See also Valerio*, 314 F.R.D. at 74 (concluding that the FLSA's remedial purposes were best served by applying the three-year statute of limitations from the date of the filing of the complaint).

10